IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | CIVIL ACTION NO. 1:09-cv-217 |
| ) | |
| Plaintiff, ) | |
| ) | COMPLAINT |
| v. ) | |
| ) | |
| TUSCARORA YARNS, INC. ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) | |
| _____) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and retaliation, and to provide appropriate relief to Lilia Ixtlahuaca Martinez who was adversely affected by such practices. Specifically, Plaintiff alleges that Defendant violated Title VII by subjecting Lilia Ixtlahuaca Martinez to a sexually hostile work environment because of her sex, female. In addition, Plaintiff alleges that Defendant disciplined and suspended Martinez in retaliation for her complaints about the sexual harassment. Defendant's actions violated Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e-3(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant Tuscarora Yarns, Inc. ("Defendant"), has continuously been a North Carolina corporation, doing business in the State of North Carolina and the City of Oakboro, and has continuously had at least fifteen employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Lilia Ixtlahuaca Martinez filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

2

7. From about April 2007 to December 2007, Defendant engaged in unlawful employment practices at Defendant's Oakboro plant located in Oakboro, North Carolina, in violation of Section 703(a)(1) and Section 704(a) of Title VII, 42 U.S.C. §§2000e-2(a)(1) and 2000e-3(a). Specifically, Defendant subjected Lilia Ixtlahuaca Martinez to sexual harassment by the then plant manager, male, who propositioned Martinez for sex, made unwelcome sexual comments to her, inappropriately touched her and sexually assaulted her. The sexual harassment was based on Martinez's sex. The sexual harassment was sufficiently severe or pervasive to alter the conditions of her employment by creating a sexually hostile work environment. Defendant is liable for the sexual harassment committed by its plant manager, a supervisor, against Martinez. In addition, when Martinez complained about the sexual harassment, Defendant disciplined and suspended her in retaliation for her complaints. A causal connection exists between Martinez's protected activity of complaining about the sexual harassment and Defendant's adverse employment action of discipline and suspension. Finally, Defendant's action are in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§2000e-2(a) and 2000e-3(a).

8. The effect of the practices complained of in paragraph 7 has been to deprive Lilia Ixtlahuaca Martinez of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female, and in retaliation for her complaints about sexual harassment.

9. The unlawful employment practices complained of in paragraph 7 were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Lilia Ixtlahuaca Martinez.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and from any other employment practice which discriminates on the basis of sex and retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lilia Ixtlahuaca Martinez by providing compensation for past and future pecuniary losses resulting from unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

D. Order Defendant to make whole Lilia Ixtlahuaca Martinez by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7, including emotional distress, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights, in amounts to be determined at trial.

E. Order Defendant to pay Lilia Ixtlahuaca Martinez punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

This the ___ day of March, 2009.

        Respectfully submitted,

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        1801 L Street, N.W.
        Washington, D.C. 20507

        s/ Lynette A. Barnes
        LYNETTE A. BARNES (NC Bar # 19732)
        Regional Attorney

        s/ Tina Burnside
        TINA BURNSIDE (WI Bar# 1026965)
        Supervisory Trial Attorney

        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
        Charlotte District Office
        129 West Trade Street, Suite 400
        Charlotte, North Carolina 28202
        (704) 344-6876 (Direct Dial)
        (704) 344-6870 (Facsimile)
        Tina.burnside@eeoc.gov

ATTORNEYS FOR PLAINTIFF