UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>      Plaintiff,<br><br>v.<br><br>TUSCARORA YARNS, INC.,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 1:09-cv-217<br>)<br>)<br>)<br>) |

MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court is the motion to dismiss of Defendant Tuscarora Yarns, Inc. ("Tuscarora Yarns"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15.) The motion alleges that Plaintiff Equal Employment Opportunity Commission ("EEOC") has failed to allege adequate facts to support its claims of hostile work environment and retaliation under sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). For the reasons set forth below, the motion will be granted without prejudice.

I. BACKGROUND

EEOC alleges that "[f]rom about April 2007 to December 2007" Lilia Ixtlahuaca Martinez ("Martinez"), a female, was subjected to sexual harassment by her plant manager at Tuscarora

Yarns' Oakboro, North Carolina, facility. (Doc. 1 ¶ 7.) The whole of the complained about activity is as follows:

> Specifically, Defendant subjected Lilia Ixtlahuaca Martinez to sexual harassment by the then plant manager, male, who propositioned Martinez for sex, made unwelcome sexual comments to her, inappropriately touched her and sexually assaulted her.

(Id.) The complaint further alleges that "[t]he sexual harassment was based on Martinez's sex," that it "was sufficiently severe or pervasive to alter the conditions of her employment by creating a sexually hostile work environment," and that the plant manager was Martinez's supervisor. (Id.) It is further alleged that "when Martinez complained about the sexual harassment, Defendant disciplined and suspended her in retaliation for her complaints" and that "[a] causal connection exists between Martinez's protected activity of complaining about the sexual harassment and Defendant's adverse employment action of discipline and suspension." (Id.) These actions are alleged to violate sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1) and 2000e-3(a). (Id.)

Martinez filed an EEOC charge alleging violations of Title VII by Tuscarora Yarns, and EEOC brought this action on her behalf.

## II. DISCUSSION

### A. Standard of Review

The purpose of a Federal Rule of Civil Procedure 12(b)(6) motion is to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)(citation omitted). In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted), and all reasonable inferences must be drawn in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the complaint need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," a plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual information "to raise a right to relief above the speculative level" so as to "nudge the[] claims across the line from conceivable to

3

plausible." Id. at 555, 567; see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

To be sure, employment discrimination claims carry no heightened pleading standard. Twombly, 550 U.S. at 570. Nor must a Title VII plaintiff allege specific facts establishing a prima facie case. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-11 (2002). Yet the Fourth Circuit has not interpreted Swierkiewicz as removing the burden of a plaintiff to plead facts sufficient to state all the elements of her claim. Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764-65 (4th Cir. 2003) (finding that plaintiff failed to plead sufficient facts in support of her hostile work environment claim to show the conduct was based on race or was severe or pervasive).

**B. Plaintiff's Claims**

**1. Hostile Work Environment**

EEOC has alleged that Tuscarora Yarns' plant manager subjected Martinez to a sexually hostile work environment in violation of Title VII because he "propositioned Martinez for sex, made unwelcome sexual comments to her, inappropriately touched her and sexually assaulted her." (Doc. 1 ¶ 7.) Tuscarora Yarns argues that these are merely "vague, conclusory allegations" lacking any factual detail. (Doc. 16.) It contends that EEOC has merely recited the legal elements of a Title VII hostile environment claim, making the complaint

4

insufficient under Twombly and Iqbal. (Id.) EEOC counters that these statements are sufficient to give Tuscarora Yarns fair notice of the claims and the grounds upon which they rest and raise a right to relief above a speculative level. (Doc. 19.)

Title VII prohibits employers from discriminating "against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). To state a claim of sexual harassment based on a hostile work environment, a plaintiff must allege that she was (1) subjected to unwelcome conduct that was (2) based on her gender, (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) attributable to her employer. Bass, 324 F.3d at 765. As to the first element, a complaint must allege facts of unwelcome conduct, such as instances of sexual demands, pressures or innuendoes imposed upon a plaintiff, physical or verbal threats on the basis of sex, or conduct of the type that would interfere with work performance. See generally Ahern v. Omnicare ESC, LLC, No. 5:08-CV-291-FL, 2009 WL 2591320, *8 (E.D.N.C. Aug. 19, 2009).[1]

---

[1] See e.g., EEOC v. R & R Ventures, 244 F.3d 334, 337 (4th Cir. 2001) (noting that a male supervisor made sexual jokes and discussed sexual positions and experiences on a daily basis with a fifteen-year-old female); Spencer v. Gen. Elec. Co., 697 F. Supp. 204, 213, 218-19 (E.D. Va. 1998)(noting the workplace was pervaded by sexual innuendo, sexually oriented games, intimate touching between the male supervisor and his female subordinates, as well as multiple comments "that woman

5

To allege the third element, the offending conduct must be both subjectively and objectively severe or pervasive to create an abusive work environment. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22 (1993)). A court looks to the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offense utterance; and whether it unreasonably interferes with an employee's work performance." Id. at 23.

Here, EEOC's complaint is virtually devoid of any facts underlying the alleged sexual harassment. Rather, the allegations are substantially conclusory. The allegation that the plant manager made "unwelcome sexual comments" fails to indicate what was said. The allegation that Martinez was "inappropriately touched" does not indicate how she was touched so that a determination can be made that the touching was plausibly unwelcome and based on gender. The allegation that she was "sexually assaulted," while closer to the mark, does not indicate what conduct is alleged to constitute a "sexual assault." Finally, the allegation that the manager "propositioned Martinez for sex," while closest to the mark, nevertheless lacks any factual underpinning as to the nature of

---

'have [feces] for brains' and should be 'barefoot and pregnant.'"), aff'd, 894 F.2d 651 (4th Cir. 1990), abrogated on other grounds by Farrar v. Hobby, 506 U.S. 103 (1992).

6

the alleged "proposition" to permit an objective determination that it was serious and thus plausible. Most importantly, apart from the general parameter of "[f]rom about April 2007 to December 2007," none of these allegations indicates when and how frequently they occurred. EEOC seems to accept that its allegations are threadbare, as it explains that it chose not to include the facts underlying its claims "in light of the fact that the harasser resigned after the second sexual assault" and "admitted he had acted inappropriately." (Doc 19. at 5 n.1.)

It may very well be that the actions of the plant manager will show conduct that is sufficiently severe or pervasive to state a hostile work environment claim.[2] However, EEOC's complaint, while flush with innuendo, lacks sufficient *facts* upon which to reach such a conclusion. If Rule 12(b)(6) is to serve any useful purpose, it must require a plaintiff to set forth sufficient facts to state a claim at the initial pleading stage before expensive discovery ensues. Cf. Keplin v. Md. Stadium Auth., No. CCB-08-1697, 2008 WL 5428082 (D. Md. Dec. 31, 2008)(finding complaint failed to raise a right to relief above the speculative level where the only facts suggesting severe and

---

[2] Indeed, Martinez filed a complaint in intervention in this case (Doc. 10), which details with some specificity the facts underlying the claims at issue. Tuscarora Yarns did not apparently regard the detail to be insufficient, as it filed an answer in lieu of moving to dismiss the complaint. (Doc. 18.) Though EEOC is bringing its case on Martinez's behalf, EEOC has not cited, nor has the court found, any authority that relieves EEOC of meeting *its* own pleading requirements.

pervasive conduct were three instances of offensive conduct over seven months); Mangum v. Town of Holly Springs, 551 F. Supp. 2d 439, 444 (E.D.N.C. 2008)(holding complaint failed to allege facts sufficient to show an objectively hostile work environment where the allegations raised merely unprofessional and uncivilized, but not severe, conduct). In light of EEOC's representation that it has sufficient facts necessary to properly plead a hostile work environment claim, (see Doc. 19 at 5 n.1), the claim will be dismissed without prejudice and with leave to amend it.

### 2. Retaliation Claim

Tuscarora Yarns also contends that EEOC has failed to plead sufficient facts regarding the retaliation claim. Title VII's prohibition on retaliation states that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he [or she] has opposed any practice made an unlawful employment practice by this subchapter . . . ." 42 U.S.C. § 2000e-3(a). To demonstrate retaliation, a plaintiff must show the following: (1) the employee engaged in a protected activity; (2) an adverse employment action was taken against her; and (3) a causal connection existed between the two. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004)(citation omitted).

EEOC alleges that "when Martinez complained about the sexual harassment, Defendant disciplined and suspended her in retaliation for her complaints." (Doc. 1 ¶ 7.) Tuscarora Yarns argues that by failing to allege any facts regarding to whom Martinez complained, or any specifics regarding her discipline or suspension, EEOC has merely alleged conclusory allegations insufficient to show plausible grounds for relief. (Doc. 16.) EEOC argues that these facts are specific enough to state a plausible claim of retaliation. (Doc. 19.)

The complaint alleges that Tuscarora Yarns disciplined and suspended Martinez for complaining about the alleged harassment. While the allegation of discipline lacks any factual support, the suspension is a sufficient factual allegation to constitute retaliation. Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 71 (2006). However, no dates are provided, and there are no factual allegations from which to draw a reasonable inference of a sufficient causal connection between the alleged complaint of hostile work environment and the suspension. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001) (noting that cases that accept mere temporal proximity as sufficient evidence of causality to establish a prima facie case uniformly hold that it must be "very close"); cf. King v. Rumsfeld, 328 F.3d 145, 151 & n.5 (4th Cir. 2003) (concluding, on summary judgment, that ten weeks between the protected

activity and adverse employment action "gives rise to a sufficient inference of causation to satisfy the prima facie requirement"). Accordingly, the complaint should set forth when and to whom Martinez complained.

In light of the court's ruling on the hostile work environment claim, moreover, the complaint suffers from another defect. When examining the first element of retaliation in a hostile work environment claim, the court must determine whether the plaintiff was opposing an actual hostile work environment made unlawful by Title VII or, if not, whether the plaintiff reasonably believed there was a hostile work environment. Jordan v. Alternative Res. Corp., 458 F.3d 332, 339 (4th Cir. 2006). The test is an objective one. Id. at 339-40. The court has already concluded that the complaint fails to allege sufficient facts to state a hostile work environment claim. While this finding alone does not negate the possibility that Martinez nevertheless reasonably believed she was engaging in protected activity, the court finds that the complaint's virtual lack of facts renders it inadequate upon which to make such a determination. Because this defect can be cured, this claim, too, will be dismissed with leave to amend.

**III. CONCLUSION**

For the reasons set forth above,

IT IS THEREFORE ORDERED that Tuscarora Yarns' motion to dismiss EEOC's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15) is GRANTED WITHOUT PREJUDICE. EEOC is granted twenty (20) days within which to file an amended complaint curing the defects noted.

                                        /s/   Thomas D. Schroeder
                                    United States District Judge

March 3, 2010